**KOLLER LAW LLC**     *Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN MITCHELL** | : | **Civil Action No.** |
| 152 E Washington Lane, 3rd Floor | : | |
| Philadelphia, PA 19144 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **PROJECT HOME d/b/a** | : | |
| **ST. ELIZABETH'S RECOVERY** | : | |
| **RESIDENCE,** | : | |
| 1850 N Croskey Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| 1515 Fairmount Avenue | : | |
| Philadelphia, PA 19130 | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Benjamin Mitchell (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Project HOME d/b/a St. Elizabeth's Recovery Residence (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Philadelphia Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Project HOME d/b/a St. Elizabeth's Recovery Residence is a low income housing and recovery program with a location at 1850 N Croskey Street, Philadelphia, PA 19121 and with a corporate headquarters located at 1515 Fairmount Avenue, Philadelphia, PA 19130.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-02810 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 6, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In 2015, Defendant hired Plaintiff in the position of Support Staff.

21. Plaintiff was well qualified for his position and performed well.

22. On March 12, 2020, Dr. Hania Bajwa, Primary Care Physician, placed Plaintiff on a medical leave of absence due to his disabilities, hypertension and Hepatitis C, causing him to be considered high-risk for COVID-19.

23. Hypertension and Hepatitis C are serious health conditions that are considered disabilities under the ADA and the PHRA.

24. Plaintiff submitted his medical leave of absence to Eunid Mann, Supervisor, Erika Hickerson, Program Manager, and Christina Fidanza, Director.

25. Defendant approved Plaintiff's medical leave of absence.

26. On April 20, 2020, Plaintiff returned to work at Defendant.

27. When Plaintiff returned to work, he found that Defendant was not ensuring that staff and residents were wearing masks and socially distancing.

28. Plaintiff began to complain to management every week about this as he had disabilities that made him high-risk for COVID-19.

29. However, Defendant took no action to address Plaintiff's complaints.

30. On July 28, 2020, Plaintiff sent an email to Human Resources regarding Defendant's failure to enforce mask wearing and social distancing as it put Plaintiff in particular risk because of his disabilities.

31. Plaintiff then complained to Monica Medina, Head Nurse, and Ms. Fidanza.

32. However, neither Ms. Medina nor Ms. Fidanza addressed Plaintiff's complaints.

33. Several weeks later, Human Resources announced that it would be enforcing mask wearing and social distancing.

34. However, Defendant did not properly enforce this policy.

35. Following Plaintiff's complaints, Defendant began a campaign of retaliation against Plaintiff.

36. Ms. Hickerson began to accuse Plaintiff of harassing residents when he asked them to wear masks and/or socially distance.

37. She also informed Plaintiff that he was not allowed to write an incident reports of residents not earing a mask and/or socially distancing unless he had spoken to the resident about it three (3) times that day.

38. Plaintiff was the only employee that was placed under these requirements to write an incident report.

39. In addition, Plaintiff assigned to knock on the residents' doors every hour during his shift in order to ensure that they were still in their rooms.

40. Plaintiff worked the overnight shift, which meant that Defendant assigned me to wake up the residents every hour.

41. This caused the residents to become extremely irate with Plaintiff as he repeatedly woke them up during the night.

42. Plaintiff was the only Support Staff instructed to perform this task.

43. In or around September 2020, Plaintiff complained to Nicole Williams, Human Resource Representative, that he felt Defendant was retaliating against him.

44. However, Ms. Williams asked Plaintiff if he knew what retaliation meant and did not address his complaint.

45. Later that day, Plaintiff emailed Sister Mary, Owner, and Ms. Fidanza that he believed he was being retaliated against.

46. Sister Mary replied that Ms. Fidanza would follow up with Plaintiff regarding his complaint.

47. However, Ms. Fidanza did not contact Plaintiff for several weeks.

48. When Ms. Fidanza did finally contact Plaintiff, she called him with Ms. Williams and they both voiced displeasure that he had contacted Sister Mary with his complaint.

49. They did not address Plaintiff's complaints any further.

50. Defendant continued to retaliate against Plaintiff.

51. In or around the week following my complaint to Sister Mary and Ms. Fidanza, Defendant attempted to prohibit him from calling out when he was sick.

52. Defendant did not do this to Plaintiff's non-disabled coworkers who did not report disability discrimination when they called out of work.

53. In or around early October 2020, Ms. Hickerson issued Plaintiff an extremely negative performance evaluation that was unwarranted.

54. Plaintiff believed Ms. Hickerson issued Plaintiff this negative performance evaluation in retaliation for his complaints.

55. On October 14, 2020, Plaintiff terminated his employment due to Defendant's continued refusal to provide him with a reasonable accommodation in the form of a safe environment regarding COVID-19 and of its retaliatory conduct due to Plaintiff's complaints.

56. Plaintiff was constructively discharged.

57. It is Plaintiff's position that he was discriminated against due to his disability, denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation and for reporting the aforementioned discrimination in violation of the ADA and the PHRA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

60. Plaintiff was qualified to perform the job.

61. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

62. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

63. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

64. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

65. The purported reason for Defendant's decision is pretextual.

66. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

67. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

68. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

71. Plaintiff was qualified to perform the job.

72. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

73. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

74. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

75. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

76. The purported reason for Defendant's decision is pretextual.

77. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

78. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

79. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

80. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

81. Plaintiff engaged in activity protected by ADA when he requested a reasonable accommodation in the form of a medical leave of absence and safe working environment, and complained about the aforementioned disability discrimination.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

83. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

84. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

85. Plaintiff engaged in activity protected by PHRA when he requested a reasonable accommodation in the form of a medical leave of absence and safe working environment, and complained about the aforementioned disability discrimination.

86. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, constructive discharge.

87. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Benjamin Mitchell, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: November 4, 2021       By:  */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*